IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONY RAY PLEDGE,<br><br>Defendant. | Case No. CR14-0132<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of December, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Ravi T. Narayan. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On November 18, 2014, Defendant Tony Ray Pledge was charged by Indictment (docket number 2) with possession of a firearm by a felon (Count 1) and possession of an unregistered sawed-off shotgun (Count 2). At the arraignment on November 21, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on January 26, 2015.

Cedar Rapids Police Officer John O'Brien, who is currently assigned to the FBI Safe Streets Task Force, testified regarding the circumstances underlying these charges. On June 18, 2013, officers responded to a report of an assault with a firearm outside a bar. An investigation led officers to conduct a traffic stop near Defendant's residence. The two occupants of the vehicle had reportedly gone into Defendant's residence and it was believed that they may have left guns in the residence. There is no evidence Defendant

was involved in the original disturbance, and he was not in the car when it was stopped by officers. Defendant was standing outside his residence, however, and was questioned by the police.

Officer O'Brien testified that Defendant was cooperative with police. When he was asked whether there were any firearms inside his residence, Defendant initially responded that he was a felon and firearms were not allowed in his residence. After additional questioning, however, Defendant admitted that there was a sawed-off shotgun in a green bag in his bedroom. According to Defendant, it had been dropped off by his Godson three or four months earlier.

At the request of investigators, Defendant then went to the Cedar Rapids Police Department to be interviewed. In a recorded interview, Defendant admitted that the shotgun was in his bedroom and advised officers as to where it could be found. Officers then obtained a search warrant, which revealed a sawed-off shotgun in a green bag located in the corner of Defendant's bedroom. Also in his bedroom was a scale and a grinder with marijuana residue. Special Agent Tim Hunt would testify that the shotgun was manufactured outside the State of Iowa, required registration because of its short barrel, and was not registered in compliance with the National Firearms Act.

Defendant is 47 years old. He was born in Tennessee, but has lived most of his life in Cedar Rapids, Iowa. His mother and four siblings all reside in this area. Defendant was married for approximately six years, but was divorced ten years ago. One child (age 13) was born to the marriage and lives with her mother in Cedar Rapids. Defendant also has four other children (ages 22, 20, 13, and 8) from separate relationships.

For the past year, Defendant has lived with his mother and stepfather in Cedar Rapids. He would return to that home if released. For the past eight months, Defendant has been employed as a cook at Heinz Quality Chef in Cedar Rapids. Prior to that time,

he was self-employed as a barber. Defendant is in good health and has no history of mental or emotional health issues.

Defendant admitted that since age 15 he has smoked marijuana on a daily basis, when he is not incarcerated, and that he last smoked marijuana on March 5, 2014. Defendant told the pretrial services officer that he completed an outpatient treatment program through ASAC.

Defendant has an extensive prior criminal record. He was initially sent to prison at age 18 following a conviction for burglary in the second degree. His parole was revoked twice and he was returned a third time following an escape. At age 25, Defendant was sent back to prison on four drug charges. Once again, Defendant's parole was revoked twice. He was finally paroled in September 2004, having spent a substantial period of time since 1986 in prison. Defendant has also been convicted 3 times for drunk driving and 13 times for driving while suspended or barred (not including charges for driving while suspended which were dismissed in conjunction with his OWIs). In addition, Defendant has been convicted of assault (twice), interference with official acts, providing false identification, violating a no contact order, and possession of controlled substances (three times).

Many of Defendant's convictions occurred while he was on parole, probation, or while charges were pending. Defendant's third OWI charge came six days after he was sentenced on his second OWI charge. Since the events which give rise to the instant charges on June 18, 2013, Defendant has been arrested six times, with convictions for driving while barred (times three), possession of marijuana (times two), and a violation of a no contact order. On September 29, 2014, Defendant was located by the High Risk Unit of the Iowa Department of Corrections at a neighbor's house at 1:30 a.m., where he had locked himself in the bathroom. He tested positive for methamphetamine. A charge of

interference with official acts is pending in state court, and Defendant has a probation revocation hearing scheduled for next Monday (December 8).

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm by a felon and possession of an unregistered sawed-off shotgun. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

The weight of the evidence against the Defendant is strong. It is apparently undisputed that Defendant is a convicted felon, that the weapon was a sawed-off shotgun, and that it had crossed a state line. Accordingly, it would appear that the only fighting issue is whether Defendant was in possession of the firearm. While Defendant denied ownership of the weapon, he admitted to officers on two separate occasions that the firearm was in his possession. After investigators obtained a search warrant, they found the sawed-off shotgun in the location and in the condition described by Defendant.

Defendant has substantial ties to the community. He has lived in Cedar Rapids most of his life (when not incarcerated) and has family members living in this area. In addition, Defendant has been employed for approximately eight months. Defendant has an extensive prior criminal record, however, and is an active drug user. Defendant told the pretrial services officer that he last used marijuana in March 2014, but later admitted to state probation officers that he had smoked marijuana on April 5, 2014. Defendant tested positive for cocaine on March 7, 2014, but asserted that the marijuana which he used must have been mixed with cocaine because "he doesn't use cocaine." According to the report from ASAC, Defendant provided negative tests for the use of controlled substances in August and October. On September 29, 2014, however, Defendant was found locked in his neighbor's bathroom during the early morning hours and tested positive for methamphetamine. In the past 3 years, Defendant has been arrested 11 times and convicted of providing false identification, assault, OWI (twice), driving while barred (four times), possession of marijuana (twice), and violating a no contact order. Almost all of the offenses occurred while Defendant was on probation. Defendant has demonstrated that he will not comply with any terms or conditions which the Court may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from Defendant's oral motion for a detention hearing (November 24, 2014) to the filing of this Ruling (December 2, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 2nd day of December, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA